## Long Fork Railway Company v. Jackson.

(Decided March 25, 1921.)

### Appeal from Floyd Circuit Court.

1. Railroads—Lookouts—Instructions.—An instruction on the issue whether there was imposed a lookout duty upon train or car operatives, which fails to include the idea that there must have been previous to the time of the injury such frequent and habitual use of the track as a footway by the public, at the time and place of the accident, with the knowledge and acquiescence of the defendant, as that the presence of persons on the track at that time and place was to be anticipated, was erroneous.

2. Railroads—Presence of Persons on Track—Lookouts.—An instruction which, in defining the duty of a plaintiff in going upon and walking upon the defendant's tracks, requires of him only such care as may be expected of an ordinarily prudent person to hear the approach of defendant's car and keep out of its way, was defective; it should have required him to exercise such care as may be generally expected of an ordinarily prudent person to learn of the approach of the train or car.

SMITH & COMBS, B. F. COMBS, MORRISON R. WAITE and WM. A. EGGERS for appellant.

A. J. MAY and W. P. MAYO for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

In the spring of 1918 appellant was constructing a line of railroad up Beaver creek in Floyd county, and on the 13th day of March that line had been constructed as far as the town of Weeksbury just above the forks of Beaver creek. Weeksbury is a mining town and was constructed up and down the main fork of the creek for a mile or so where the railroad also ran, and there was likewise a part of the town which was built along what is known as the Caleb fork where there were a number of houses built and where a number of people then lived.

The main part of the town, however, was on the main fork at that time, and those living on the Caleb fork went down that fork to its mouth and thence up the main fork to the main part of the town.

Appellee lived on the Caleb fork, and on the night of the 13th of March, 1918, he left his home and went to the main part of town on the main fork of the creek, going down the Caleb fork to its mouth and thence up the main fork to the then business part of the town; and upon his return that night about 8:30, while walking on the railroad tracks of appellant at the lower edge of the main part of the town, he was struck and severely injured by a motor car being operated by the agents and employes of the company.

This is an action to recover damages for the injuries so received by him, as alleged because of the negligence and carelessness of the agents and servants of appellant operating the motor car.

On a trial in the circuit court there was a verdict and judgment for the plaintiff, and the company has appealed.

As there must be another trial of this case for the reasons hereinafter stated, we will refrain from any statement or discussion of the evidence except to say that it was sufficient to justify the submission of the case to the jury upon the charge of negligence and upon the allegation that the railroad track at the point of the accident was habitually used as a footway by the public to such an extent, with the knowledge and acquiescence of the defendant, as that the presence of pedestrians on the track might have been anticipated.

Instruction number one given by the court authorized a recovery for the plaintiff if the jury should be-

lieve that the defendant's tracks at the time and place mentioned in the evidence were habitually used by the public as a place of travel with the knowledge and acquiescence of the defendant, but failed wholly to include therein the idea that no lookout duty was required unless there had been previous to the time of the injury such frequent and habitual use of the track as a footway by the public at the time and place of the accident, with the knowledge and acquiescence of the defendant, as that the presence of persons on the track at that time and place was to be anticipated. In other words, it was such frequent and habitual use of the track by the public in the past at the time and place of the accident as imposed upon the servants and agents of the company in charge of the motor car the duty to expect persons on the track at that time and place, and therefore the duty of keeping a lookout for them.

There was much evidence dealing with the frequency and extent of the use of the track at the point of the injury both in the day time and night time, and there was such evidence of its use in the early hours of the night as to authorize the submission of that issue to the jury.

The court should have given this instruction practically in the form set forth in L. & N. Railroad Co. v. McNary's Admr., 128 Ky. 408, when modified so as to conform to the facts in this case. That instruction has since been approved by this court in the cases of C. N. O. & T. P. Ry. Co. v. Harrigan's Admx., 149 Ky. 53 and C. & O. Ry. Co. v. Warnock's Admr., 150 Ky. 74.

The court in its instruction number two, in defining the duty of the plaintiff in going upon and walking upon defendant's tracks, only required of him that he should exercise such care as may be usually expected of an ordinarily prudent person to *hear* the approach of defendant's handcar and keep out of its way, but failed to require of him the duty to exercise any of his senses except that of hearing or to learn in any other way of its approach.

The proper form for such an instruction is set forth at length in the case of L. & N. Railroad Co. v. Berry, 33 R. 850 (111 S. W. 370), and it will be observed that the duty required of the plaintiff is not only to *hear* the approach of the train or car but he is required to exercise such care as may be generally expected of an ordinarily prudent person to *learn* of the approach of the train or car.

The two errors in the instructions referred to were manifestly prejudicial to the appellant and submitted to the jury two important issues in a faulty manner.

We perceive no other reversible error, but upon a return of the case the parties will be permitted to amend their pleadings so as to clearly make the issue whether those in charge of the motor car at the time and place of the injury were acting within the scope of their duties as agents and employes of the defendant.

For the reasons given the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.